UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANTHONY MCDADE,<br><br>  Plaintiff,<br><br> v.<br><br>ANDREW SAUL,<br><br>  Defendant. | Case No. 17-cv-00763-JCS<br><br>**ORDER REGARDING MOTIONS FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 29, 35 |

## I. INTRODUCTION

Plaintiff Daniel Anthony McDade brought this action challenging the decision of the Commissioner of Social Security (the "Commissioner")[1] denying his application for disability benefits. The Court previously granted McDade's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the case to the Commissioner with instructions to award McDade benefits. McDade's counsel Lawrence Rohlfing now moves for an award of attorneys' fees from the Commissioner pursuant to the Equal Access to Justice Act (the "EAJA") and for an order approving fees from McDade's award of benefits pursuant to 42 U.S.C. § 406(b) and McDade's fee agreement with Rohlfing. For the reasons discussed below, both motions are GRANTED in part and DENIED in part.[2]

## II. BACKGROUND

After the Commissioner reached a final decision denying McDade's application for disability benefits, McDade filed this action for review by the Court. McDade's attorney at the

---

[1] Andrew Saul was confirmed as Commissioner in June of 2019, and is therefore substituted for former Acting Commissioner Nancy Berryhill as the defendant in this action as a matter of law. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

outset of the case, Steven Rosales, sought and received an extension of six weeks to file McDade's motion for summary judgment due to personal circumstances affecting Rosales's ability to manage his case load. More than a month after the extended deadline had passed and no motion had been filed, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute, allowing the parties two weeks to submit a new briefing schedule. Rather than propose a schedule, Rohlfing—the principal attorney at the firm where Rosales worked—filed a response to the order to show cause and a hastily-dictated motion for summary judgment the day after the Court issued that order.

In resolving the parties' cross motions for summary judgment, the Court characterized the motion and reply brief filed by McDade's counsel as follows:

> The quality of the briefs from McDade's counsel Lawrence D. Rohlfing is unacceptable. Portions of the briefs are incoherent, and there are a number of indications that Rohlfing failed to read the record closely or proofread his own briefs before filing them. For example:
>
> - "McDade files this brief on the grounds that there are no issues of triable fact and that M [sic] is entitled to judgment as a matter of law." Notice of Mot. (dkt. 15) at 1.
>
> - "McCade [sic [footnote 5]] completed a mental health survey endorsing . . . not being able to use stopper control worrying nearly every day . . . ." Pl.'s Mot. (dkt. 15) at 5.
>
> [Footnote 5: "Across more than two pages of his summary of the medical evidence, Rohlfing misspells his client's name, using 'McCade' rather than 'McDade.' Pl.'s Mot. at 5–7. In one instance in the reply brief, Rohlfing refers to his client as 'McBain.' Reply at 6."]
>
> - "Resuming medication allowed him to sleep better; had no increased anxiety or panicking feelings with BusPar; and was on vacation." *Id.*
>
> - "Jessica land [sic], PsyD, diagnosed date [sic] as having a panic disorder." *Id.*
>
> - "On mental status examination, Dr. Littlefield noted and [sic] anxious mood; and affect with mild anxiety; good to fair judgment and insight. *Id.* rule [sic] out generalized anxiety disorder with a global assessment of functioning of 60. Dr. Littlefield change [sic] the prescription . . . ." *Id.* at 7.
>
> - "The period from July 2013 through August 2015 remained a temporal span during which McDade wasn't [sic, possibly

2

> intended as 'was in'] self-imposed isolation." *Id.* at 12.
>
> - "Assuming McDade did not meet listing 12.06, he would lack the ability to engage in substantial gainful activity is absenteeism would preclude substantial gainful activity." *Id.* at 13.
>
> - "Her Littlefield made similar findings." *Id.*
>
> - "The Commissioner draws attention to GAF scores of 60 or is Dr. Littlefield identified GAF scores in his medical source statement between 50-55." Reply (dkt. 25) at 5.
>
> - "Miyzazwa [sic [footnote 6]] may be express [sic] an opinion that McDade lack [sic] the ability to engage in the competitive standards for maintaining attention . . . ." *Id.* at 6.
>
> [Footnote 6: "Rohlfing repeatedly misspells the name of one of the two medical professionals primarily at issue, Yurio Miyazawa, as 'Miyzazwa.' *E.g.*, Mot. at 9; Reply at 6–8."]
>
> The Court expects submissions from licensed attorneys to adhere to at least minimal standards of grammar and comprehensibility. Counsel is admonished that any future filing from the Law Office of Lawrence D. Rohlfing, in this or any other case, that fails to meet those standards may be stricken sua sponte, and that extreme deficiencies may result in referral to the Court's Standing Committee on Professional Conduct.

Order re MSJs (dkt. 26) at 21–22 (alterations in previous order, except as to footnotes). Rohlfing concedes that the briefs he submitted were of "poor . . . quality," and that "substandard falls short of an accurate description." Rohlfing Decl. re EAJA Mot. (dkt. 29) ¶ 4.[3]

Despite the quality of Rohlfing's briefs, the Court determined that the Commissioner erred in denying McDade's application, granted McDade's motion for summary judgment, and remanded the case with instructions to award benefits. *See generally* Order re MSJs. On remand, the Commissioner awarded McDade past-due benefits of nearly $100,000. *See* Rohlfing Decl. re § 406(b) Mot. (dkt. 35) Ex. 2 (award letter stating monthly benefits); *id.* Ex. 3 (calculating the amount owed to be $97,586); Response to § 406(b) Mot. (dkt. 36) at 3–4 (correcting an error in Rohlfing's calculation, for a total of $97,085).

Rohlfing now seeks an award of fees, expenses, and costs totaling $4,476.18 from the Commissioner under the EAJA, *see* Reply re EAJA (dkt. 32) at 11, and fees of $15,000 to be paid

---

[3] *McDade v. Berryhill*, No. 17-cv-00763-JCS, 2018 WL 4635646, at *13–14 (N.D. Cal. Sept. 27, 2018).

3

out of McDade's past-due benefits under § 406(b) and McDade's fee agreement, *see generally* § 406(b) Mot. (dkt. 35). The Commissioner opposes the motion under the EAJA. *See generally* Opp'n to EAJA Mot. (dkt. 30). The Commissioner takes no express position on the motion under § 406(b) except to note that Rohlfing slightly overstates the total benefits owed to McDade, although the Commissioner "would apply the same arguments to the 406(b) petition as [he] presented on the EAJA petition regarding counsel's performance in this case." *See* Response to § 406(b) Mot. (dkt. 36) at 2–4. The Commissioner also uses the response to the motion under § 406(b) to reiterate the argument that fees should be denied under the EAJA, and contends that any partial reduction in the fees paid to Rohlfing should accrue to the benefit of the taxpayers rather than McDade. *Id.* at 4–5.

Rohlfing's motions for attorneys' fees reflect a lack of care similar to the motion for summary judgment, albeit not as extreme. The following sentences, for example, are largely ungrammatical and incomprehensible:

> Preparation of court documents and client correspondence are lawyer function properly delegated to a paralegal. Receiving Court orders and pleadings from the Commissioner are charged to the knowledge of counsel and delegated to a paralegal at counsel's own peril. It affects the jurisdiction and identity of the judicial officer and mandates the response of either party upon issuance of an order or report by a Magistrate Judge.

Mot. re EAJA Fees at 9; *see also, e.g.*, Reply re EAJA Fees at 4 ("*Sohappy* and *Papazian* are inconsistent with *Schaefer* and therefore do not law of the circuit."). In support of the motions for attorneys' fees, Rohlfing also publicly filed a questionnaire completed by McDade disclosing the names of his two minor daughters in violation of Rule 5.2(a) of the Federal Rules of Civil Procedure, requiring an order by the Court sealing the document sua sponte. *See* dkts. 31, 33. Despite the Commissioner noting an apparent error in Rohlfing's calculation of the benefits owed to McDade in Rohlfing's motion under § 406(b), *see* Response re § 406(b) (dkt. 36) at 3–4, Rohlfing did not file a reply brief in support of that motion either acknowledging or disputing the error. While an occasional oversight or typographical error may be inevitable, the Court would have expected counsel to take particular care with respect to these filings in light of the history of this case.

## III. ANALYSIS

### A. Legal Standard for Social Security Attorneys' Fees

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."  42 U.S.C. § 406(b). Courts must "review for reasonableness" fees sought under this statute, and may reduce an award of fees below the statutory ceiling based on factors including "the character of the representation," "the results the representative achieved," an attorney's responsibility for delay (which must be addressed "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"), and whether the "benefits are large in comparison to the amount of time counsel spent on the case" (which "may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases"). *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002); *see also Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."). In conducting that inquiry, courts must "respect the 'primacy of lawful attorney-client fee agreements.'" *Crawford*, 586 F.3d at 1150 (quoting *Gisbrecht*, 535 U.S. at 1150).

In addition to the fees permitted under § 406(b), the EAJA, enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). The burden of proving the substantial justification exception to the mandatory award of fees under the EAJA lies with the government. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). In contrast to fees awarded under § 406(b), EAJA fees are based on the "time

expended" and the attorney's billing rate. 28 U.S.C. § 2412(d)(1)(B). The EAJA authorizes an award of only "reasonable" attorneys' fees, and caps the rate at which fees can be awarded at $125 per hour, except that a court may authorize a higher rate based on special circumstances or an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has authorized a cost of living adjustment based on the "CPI-U" consumer price index. *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005).

"Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under Section 406(b)," increasing "the amount of the total past-due benefits the claimant actually receives . . . up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (citation, brackets, and internal quotation marks omitted).

### B. Fees Under § 406(b)

Although McDade signed an agreement to pay twenty-five percent of any past-due benefits to his attorneys, the factors of "delay"[4] and, more significantly, "substandard performance" warrant a significant reduction in the fees that are "reasonable" in this case. *See Crawford*, 586 F.3d at 1151.

As Rohlfing concedes, the motion for summary judgment that he filed was of "poor" quality, and worse than "substandard." *See* Rohlfing Decl. re EAJA Mot. (dkt. 29) ¶ 4. Rohlfing's briefs in this case were among the worst that this Court has seen filed by a licensed attorney representing a client. The deficiencies were not limited to style, spelling, and grammar, although those errors were sufficiently severe to render portions of the briefs virtually incomprehensible. As the Commissioner notes in his briefs on the motions for fees, the motion for

---

[4] Although the Court focuses on McDade's attorneys' substandard performance, the delay in filing McDade's motion for summary judgment warrants some reduction in fees, as Rohlfing concedes in his motion under § 406(b). Rosales's tragic family circumstances were an understandable cause for delay, but McDade himself had no role in that delay.

6

summary judgment could have been construed as waiving key issues. Perhaps the most significant omission, though, is one that the Commissioner does not address: Rohlfing failed to present any argument that the Commissioner erred in rejecting McDade's own testimony, even though the administrative law judge's boilerplate assertion that McDade was "not entirely credible" and that "[t]he medical evidence of record does not provide strong support for [his] allegations of disabling symptoms and limitations" very likely did not meet the high standard set by the Ninth Circuit for rejecting a claimant's testimony regarding subjective symptoms. *See* Administrative Record (dkt. 9) at 28. If the Court had reached a different conclusion as the arguments actually raised in Rohlfing's briefs, McDade might well have lost his opportunity to receive benefits on account of Rohlfing's failure to raise that independent and fairly clear issue.

Rohlfing's errors were unforced. Although the Court issued an order to show cause after Rosales and Rohlfing failed to meet the deadline to file McDade's motion for summary judgment —a deadline that, given Rosales's ongoing personal issues at the time, Rohlfing or some other lawyer in his office should have been aware of to begin with—the order to show cause allowed the parties two weeks to submit a proposed briefing schedule. There was no reason for Rohlfing to file a rushed motion the day after the Court issued that order.

Despite the poor quality of Rohlfing's briefs, they were sufficient for McDade to obtain a judgment in his favor and a significant award of benefits. The representation that Rohlfing provided was not worthless, and some award of fees is reasonable. An award even approaching the maximum amount allowed under § 406(b), however, is not reasonable under these circumstances. In light of the unacceptable quality of the briefs and the significant risk that Rohlfing's failure to raise a key issue could have resulted in McDade losing disability benefits to which he was entitled, the Court finds that an award of no greater than twenty percent of that maximum amount is reasonable.

McDade's past-due benefits total $97,085. *See* Response to § 406(b) Mot. at 4. The maximum fees allowed under § 406(b) and McDade's fee agreement would be twenty-five percent of that, or $24,271.25. The Court allows only twenty percent of that maximum amount, resulting in fees of $4,854.25.

### C. Fees Under the EAJA

Rohlfing seeks an award of "fees and expenses" totaling $3,793.63 plus "costs" of $400 under the EAJA. His reply adds 3.5 hours of attorney time for the time spent reviewing the Commissioner's opposition brief and preparing the reply.

The Commissioner argues that no fees should be awarded under the EAJA because Rohlfing brought his motion before the judgment in this case became final, because Rohlfing had not established that McDade met the statute's requirement of a net worth below two million dollars, because special circumstances warrant denying recovery, and because the particular work that counsel performed on the case should not have been billable. The first two purported defects—the timing of Rohlfing's motion and whether McDade has a sufficiently low net worth—have since been cured, and the Court does not address them further. The remaining arguments are addressed below. The Commissioner does not argue that the motion should be denied because the Commissioner's position was substantially justified.

Rohlfing asserts, and the Commissioner does not dispute, that the cost-of-living adjustment formula endorsed by the Ninth Circuit calls for a rate of $200.78 per hour. *See* EAJA Mot. at 7. Rohlfing is incorrect. The vast majority of the work performed in this case occurred in 2017, for which the Ninth Circuit—in a public resource cited in Rohlfing's motion—prescribes a rate of $196.79 per hour.[5] While some work was performed in 2018, for which the Ninth Circuit sets a rate of $201.60 per hour, the average when the appropriate rate is applied for work performed each year still works out to less than the rate cited in Rohlfing's motion. It is not clear, however, that Rohlfing actually applied the rate stated in his motion. The declaration attached to Rohlfing's motion includes an exhibit calculating fees based on the correct rates, which appears to be the basis for the total amount sought in the motion. *See* Rohlfing Decl. re EAJA Mot. Ex. 1.

The only difference between the amount sought in the motion and the total that appears in the exhibit is that the motion double-counts the $400 filing fee, including that amount in both the total sought to be paid to Rohlfing, and as a separate item to be paid to McDade "care of the Law

---

[5] *See* 9th Cir., Statutory Maximum Rates Under the EAJA, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (accessed Nov. 21, 2019).

8

Offices of Lawrence D. Rohlfing." *See* EAJA Mot. at 13; *cf.* Rohlfing Decl. re EAJA Mot. Ex. 1. Rohlfing may not recover that amount twice.

The Ninth Circuit has held that mere "clerical" tasks, including "filing, transcript, and document organization time," are not properly included in either paralegal or attorney billing under the EAJA, but rather "should [be] subsumed in firm overhead." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Time entries excluded in *Nadarajah* included "research and an email to [the client] regarding habeas corpus petitions, filing procedures, and attorney admission, and for requesting checks for the filing and attorney admission fees," obtaining transcripts, preparing a cover letter, and the like. *Id.*

This Court is bound by that decision,[6] and excludes 0.9 hours that Rohlfing spent sending his client status updates, 0.2 hours that Rohlfing billed for "receipt of defendant's cross-motion" and receipt of an email, and a total of 1.67 hours of paralegal time billed for receipt of documents, status reports to the client, and similar tasks. The remaining time billed by Rohlfing and the two paralegals who worked on the case was sufficiently substantive to warrant inclusion and was not excessive—to the contrary, counsel probably should have spent more time on this case. The Court also allows the 3.5 hours that Rohlfing billed for reviewing the Commissioner's opposition brief and preparing a reply brief. *See* Rohlfing Decl. re EAJA Reply (dkt. 32) ¶ 2.

The Court excludes 1.05 hours that attorney Steven Rosales spent reviewing the administrative decision and a document cryptically referenced as "memorandum from EP re: memorandum," because it is not clear whether that time actually contributed to the prosecution of McDade's case once Rosales was unable to proceed for personal reasons. The Court allows the 0.05 hours (i.e., three minutes) that Rosales spent reviewing the complaint before it was filed.

The Court rejects the Commissioner's argument that Rohlfing's shoddy work on the motion for summary judgment constitutes special circumstances warranting rejecting his request for fees in its entirety. As Rohlfing notes in his current briefs, the poor quality of the summary

---

[6] On a blank slate, one might reasonably question whether the below-market billing rates set by the EAJA leave any "overhead" from which the costs for necessary clerical tasks can be paid, but this Court is not free to depart from the framework established by the statute and Ninth Circuit precedent interpreting it.

9

1  judgment briefs is reflected in the small amount of time that Rohlfing billed to prepare them.

2  Moreover, the Commissioner was neither prejudiced by the quality of the briefs nor placed at risk

3  of prejudice, and Rohlfing obtained a satisfactory result for his client despite his errors. While the

4  Commissioner is correct that an adversary is generally not required to pay a larger amount of fees

5  than a lawyer's own client would have been billed, in this case McDade must pay a larger fee than

6  is allowable under the EAJA, such that the award of fees against the Commissioner does not even

7  fully compensate McDade for the fees he incurred.

   Accounting for the deductions set out above, the Court allows 2.52 hours of paralegal time
at $130 per hour,[7] 10.55 hours of attorney time in 2017 at $196.79 per hour, 5.15 hours of attorney
time in 2018 at $201.60 per hour, and costs of $415.62, for a total award under the EAJA of
$3,853.37.

## IV. CONCLUSION

For the reasons discussed above, Rohlfing's motions for attorneys' fees are GRANTED in part and DENIED in part. Rohlfing may collect $4,854.25 from McDade's past due benefits, and the Commissioner is ordered to pay $3,853.37 under the EAJA.

This award is to be payed to McDade, except that if the Commissioner elects to waive the Anti-Assignment Act, the Commissioner may pay these funds directly to the Law Offices of Lawrence D. Rohlfing pursuant to the assignment provision of McDade's fee agreement.

The Commissioner is ORDERED to pay all amounts withheld from McDade's past-due benefits, except to the extent that they are offset by a debt subject to the Treasury Offset Program, to either McDade or Rohlfing in a manner consistent with this order and applicable law. Because the amount awarded under the EAJA is less than the fees allowed under § 406(b), Rohlfing is

/ / /

/ / /

---

[7] Paralegal services are compensable under the EAJA at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 576 (2008). The Commissioner does not dispute the $130 rate that Rohlfing asserts for paralegal work, which is based on a survey of paralegal billing rates in California. *See* EAJA Mot. at 7.

ORDERED to refund to McDade any award paid to Rohlfing in excess of the $4,854.25 allowed under § 406(b). *See Gisbrecht*, 535 U.S. at 796.

**IT IS SO ORDERED.**

Dated: November 22, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge